# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6214 | **DATE** | 10/1/2010 |
| **CASE TITLE** | Matthew E. Horton (#K-78721) vs. Jackson Park Hospital, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot. Dismissal is without prejudice to pursuing any relief that may be available in state court. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Logan Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]    Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff sues three local hospitals for alleged malpractice on the part of psychiatrists and psychologists on their staff. The plaintiff contends that his mental illness was misdiagnosed and that he was prescribed the wrong medication at all three hospitals on unspecified dates.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $20.15 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District
**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a federal claim as a matter of law.

Although the plaintiff purports to sue under the Civil Rights Act, that statute is inapplicable to this case. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). This case satisfies neither prong. The plaintiff is suing three private hospitals (and, implicitly, health care providers employed by those facilities). But Jackson Park Hospital, St. Bernard Hospital, Community Mental Health Center, and members of their staff are not state actors. A plaintiff cannot claim that a private hospital and private individuals were acting under color of state law, "an element of any § 1983 claim." *Turner v. Jackson Park Hosp.*, 264 Fed. Appx. 527, 529-530 (7th Cir. 2008), *citing Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003); *see also Spencer v. Lee*, 864 F.2d 1376, 1381 (7th Cir. 1989) (family members, physicians, and other private persons cannot be sued under 42 U.S.C. § 1983 for committing a mentally disturbed person, even if the patient was committed involuntarily pursuant to state law).

The court discerns no alternative basis for federal jurisdiction, such as implication of a federal statute or diversity of citizenship. If the plaintiff wishes to sue the hospitals or health care providers for medical malpractice, a common law tort, he must do so in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in federal court. Dismissal is without prejudice to pursuing any relief that may be available in state court. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."